# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY L. GENTRY, | 1:09-cv-00803-SMS (HC) |
| Petitioner, | |
| v. | ORDER STRIKING OPPOSITION TO MOTION TO DISMISS |
| D.K. SISTO, | [Doc. 24] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

On July 27, 2009, Respondent filed a motion to dismiss the instant petition as untimely under 28 U.S.C. § 2241(d)(1). (Court Doc. 17.) Petitioner requested and received two extensions of time to file an opposition. On October 29, 2009, fellow inmate Johnathan S. Williams, filed and signed an opposition to Respondent's motion to dismiss. (Court Doc. 24.) Mr. Williams signed the opposition as "Petitioner Pro Se." (Id.)

Because Mr. William is not an attorney and is not a party to the case, he may not file documents in the case or on behalf of the Petitioner. By doing so, Mr. Williams is engaging in the unauthorized practice of law in violation of state and federal provisions governing the practice of law. This prohibition, however, does not preclude inmates from assisting other prisoners in the preparation of petitions for post-conviction relief, in the context sanctioned by

1

the Supreme Court in <u>Johnson v. Avery</u>, 393 U.S. 483, 490, 89 S.Ct. 747 (1969).  Inmate writers may assist other prisoners in the *preparation* of post-conviction relief.  However, no authority authorizes them to engage in the practice of law by filing papers with the court as the inmate's legal representative.  <u>Storseth v. Spellman</u>, 654 F.2d 1349, 1355 (9th Cir. 1981).  Similarly, the California Supreme Court has held that absent extraordinary circumstances, an inmate has no right to file papers on behalf of another inmate.  <u>In Re Harrell</u>, 2 Cal.3d 675, 689, 87 Cal.Rptr. 504 (1970).[1]  The principle of <u>Johnson</u> seeks to insure that a disadvantaged prisoner will receive aid in his personal efforts to apply to the courts for relief--not that such a prisoner will be represented by another inmate before the courts-- and the courts will, as in this case, refuse to entertain an application made by a prisoner other than him for whom relief is sought.

Accordingly, it is HEREBY ORDERED that Petitioner's opposition filed on October 29, 2009, is STRICKEN from the record.

IT IS SO ORDERED.

**Dated:    November 12, 2009**               /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is forewarned that the practice of having inmates sign declarations authorizing him to conduct all legal business on their behalf, including the filing of pleadings in court constitutes the unauthorized practice of law and that such activity may subject him to prosecution under both state and federal law.  Cal.Bus. & Prof. Code §§ 6125, 6126; 28 U.S.C. § 1654, Local Rule 81-180(b), (d).