# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TIMOTHY L. GENTRY,                  1:09-cv-00803-SMS (HC)

            Petitioner,        ORDER GRANTING RESPONDENT'S
                            MOTION TO DISMISS PETITION,
   v.                        DISMISSING PETITION FOR WRIT OF
                            HABEAS CORPUS WITH PREJUDICE AS
                            UNTIMELY, AND DECLINING TO ISSUE
JOHN W. HAVILAND,            CERTIFICATE OF APPEALABILITY

            Respondent.      [Doc. 17]

_____/

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

RELEVANT HISTORY

On April 8, 2004, Petitioner was convicted of voluntary manslaughter in the California Superior Court, County of Kern.  (Lodged Doc. No. 1.)

Petitioner filed a timely notice of appeal to the California Court of Appeal, Fifth Appellate District.  The Court of Appeal affirmed the judgment on March 23, 2006.  (Lodged Doc. No. 2.)  On July 12, 2006, the California Supreme Court denied review.  (Lodged Doc. Nos. 3 & 4.)

---

[1] In his motion to dismiss, Respondent submits that John W. Haviland is the current Acting Warden of the California State Prison, Solano and not D.K. Sisto.  Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Warden Haviland is substituted in place of former Warden Sisto.

1

1    Petitioner subsequently filed three pro se state post-conviction collateral petitions.[2]  The

2    first petition was filed on September 5, 2007 in the Kern County Superior Court.  (Lodged Doc.

3    No. 5.)  The petition was denied on November 13, 2007.  (Lodged Doc. No. 6.)

4    The second petition for writ of habeas corpus was filed in the California Court of Appeal,

5    Fifth Appellate District on December 22, 2007. (Lodged Doc. No. 7.)  The petition was denied

6    on May 15, 2008.  (Lodged Doc. No. 8.)

7    The third and final petition was filed in the California Supreme Court on August 3, 2008,

8    and denied on February 11, 2009.  (Lodged Doc. Nos. 9 & 10.)

9    Petitioner filed the instant federal petition for writ of habeas corpus on February 28, 2009.

10   (Court Doc. 1.)  Respondent filed the instant motion to dismiss on July 27, 2009.  (Court Doc.

11   17.)  Petitioner filed an opposition on November 25, 2009, and Respondent filed a reply on

12   December 14, 2009.  (Court Docs. 30, 31.)

13                                              DISCUSSION

14   A.      Procedural Grounds for Motion to Dismiss

15   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

16   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

17   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

18   The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

19   if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

20   the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

21   (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

22   v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

23   motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

24   (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

25   response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

26   Supp. at 1194 & n. 12.

27

28        [2] All filing dates listed herein reflect the benefit of the mailbox rule.  See Rule 3(d) of the Federal Rules
     Governing Section 2254 Cases.

1    In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

2   2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

3   to dismiss pursuant to its authority under Rule 4.

4   B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

5         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

6   of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

7   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

8   2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

9   S.Ct. 586 (1997).  The instant petition was filed on February 28, 2009, and thus, it is subject to

10   the provisions of the AEDPA.

11        The AEDPA imposes a one year period of limitation on petitioners seeking to file a

12   federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

13   subdivision (d) reads:

14        (1)  A 1-year period of limitation shall apply to an application for a writ of
         habeas corpus by a person in custody pursuant to the judgment of a State court.
15        The limitation period shall run from the latest of –

16             (A) the date on which the judgment became final by the conclusion of
             direct review or the expiration of the time for seeking such review;
17
               (B) the date on which the impediment to filing an application created by
18           State action in violation of the Constitution or laws of the United States is
             removed, if the applicant was prevented from filing by such State action;
19
               (C) the date on which the constitutional right asserted was initially recognized
20           by the Supreme Court, if the right has been newly recognized by the Supreme Court and
             made retroactively applicable to cases on collateral review; or
21
               (D) the date on which the factual predicate of the claim or claims
22           presented could have been discovered through the exercise of due diligence.
23
           (2) The time during which a properly filed application for State post-
24       conviction or other collateral review with respect to the pertinent judgment or
         claim is pending shall not be counted toward any period of limitation under this
25       subsection.

26
         In most cases, the limitation period begins running on the date that the petitioner's direct
27
     review became final.  Here, on March 23, 2006, the California Court of Appeal, affirmed the
28

1    judgment.  (Lodged Doc. No. 2.)  The California Supreme Court denied review on July 12, 2006.

2    (Lodged Doc. No. 4.)  Thus, direct review became final on October 10, 2006, when the ninety

3    time frame expired to file a petition for writ of certiorari in the United States Supreme Court.

4    Therefore, the one year limitations period began on the following day, October 11, 2006, and

5    absent tolling, was set to expire on October 10, 2007.  See Patterson v. Stewart, 251 F.3d 1243,

6    1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the

7    calculation of statutory tolling applicable to the one year limitations period.)

8    C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

9         Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

10   application for State post-conviction or other collateral review with respect to the pertinent

11   judgment or claim is pending shall not be counted toward" the one year limitation period.  28

12   U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is

13   tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled

14   during the intervals between one state court's disposition of a habeas petition and the filing of a

15   habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also

16   Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000).

17   Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if

18   the state court explicitly states that the post-conviction petition was timely or was filed within a

19   reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis,

20   546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been

21   untimely in state court will not satisfy the requirements for statutory tolling. Id.

22        1.    Time that Elapsed Prior to Filing First Petition

23        As noted, the statute of limitations commenced running on October 11, 2006.  At the time

24   Petitioner filed his first state petition on September 5, 2007, 329 days of the limitations had

25   expired.  (Lodged Doc.  No. 5.)

26        2.    Tolling During Period the First and Second Petitions Were Pending in State Court

27        Respondent submits that Petitioner is entitled to tolling for the period of time that the first

28   and second state petitions were pending.  Consequently, Petitioner is entitled to tolling from

4

1  September 5, 2007 (date first petition signed) through May 15, 2008 (date second petition

2  denied). (Lodged Doc. Nos. 5-8.)  See Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005) (stating

3  that the limitations period is tolled while "a properly filed application for state post-conviction or

4  other collateral review with respect to the pertinent judgment or claim is pending").

5      3.  No Tolling for Period Between Denial of Second Petition and Filing of Third Petition

6      Petitioner delayed 81 days after the denial of his second petition on May 15, 2008, before

7  filing his third petition on August 3, 2008.  (Lodged Doc. Nos. 8-9.)  Respondent argues this

8  delay was unreasonable under Carey v. Saffold, because it is untimely under state law.  536 U.S.

9  at 215.  In Evans v. Chavis, the Court found that after the California Court of Appeal denied

10  habeas relief, there was an unjustifiable delay of at least six months before Chavis filed a habeas

11  petition in the California Supreme Court.[3]  "Six months," said the Court, "is far longer than the

12  'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state

13  supreme court.  Carey v. Saffold, supra, at 219."  Chavis, 546 U.S. at 200.

14      Pursuant to the Supreme Court's rulings in Saffold and Chavis, Petitioner is only entitled

15  to tolling for this interval if Petitioner did not unreasonably delay. Saffold, 536 U.S. at 225;

16  Chavis, 546 U.S. at 197. Here, he delayed 81 days before filing his habeas petition in the

17  California Supreme Court.  The delay is greater than the short period of time of 30 to 60 days

18  provided by most States for filing an appeal and is therefore unreasonable. Chavis, 546 U.S. at

19  201. Accordingly, Petitioner is not entitled to statutory tolling for the interval between the second

20  and third petition. See e.g. Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141

21  (C.D. Cal. 2006) (delays of 97 and 71 days found unreasonable); Hunt V. Felker, No. 1:07-cv-

22  01281, 2008 WL 364995 at *3-4 (E.D. Cal. Feb. 8, 2008) (unpublished) (finding interval of

23  seventy days constituted unreasonable delay in light of Chavis); Bridges v. Runnels, No. 03-

24  2338, 2007 WL 2695177 at *2 (E.D. Cal. Sep. 11, 2007) (unpublished) (finding interval of

25  seventy-six days constituted unreasonable delay in light of Chavis); Martinez v. Guirbino, No.

26

27        [3] In Chavis there was no dispute that Chavis has never offered an explanation for this six-month period of

28  inactivity.  Chavis, 546 U.S. at 2000.  The Court found no need to decide whether Chavis' proffered excuses for the rest of the three-year interval were adequate.  Id.

1   CIV-S-05-1887, 2007 WL 97037 at *2 (E.D. Cal. Jan. 9, 2007) (finding intervals of eighty-one

2   and ninety-one days constituted unreasonable delay in light of Chavis).  Moreover, the third

3   petition was identical to the second petition and therefore, it should not have taken Petitioner

4   longer than sixty days to file in the higher court and Petitioner provides no justification

5   otherwise.  See Glaude v. Kane, No. 2:06-cv-0968, 2007 WL 781796 at *2 (E.D. Cal. Mar. 8,

6   2007) (unpublished) (thirty to sixty days is generally permitted for filing a petition for collateral

7   review in a higher state court).  As a consequence, Petitioner is not entitled to interval tolling for

8   the 81 days that elapsed between the delay of the second petition on May 15, 2008, and the filing

9   of the third petition on August 3, 2008.

10  D.    State-Created Impediment

11          In his opposition, Petitioner contends that the State "continues to: a) refuse to

12  acknowledge the time constraints imposed by the AEDPA, and other mandatory procedural

13  deadlines; b) make capricious and other invidious policies that are designed to hinder rather than

14  promote First Amendment rights; c) make no effort to provide for additional seating, despite a

15  constant overflow of prisoners desiring access to the law library; d) cause prisoners to wait

16  outside in inclement weather; e) fail to keep the law library legal books up to the court imposed

17  standard in the Gilmore/Lynch Consent Decree; e) refused to provide Petitioner and other

18  indigent prisoners with enough legal supplies; and f) have consistently utilized the power of the

19  State to impede allowing the maximum amount of law library access."  (Opposition, at 2.)

20          In some instances, the one-year limitations period may begin from "the date on which the

21  impediment of filing an application created by State action in violation of the Constitution or

22  laws of the United States is removed, if the applicant was prevented from filing by such State

23  action."  28 U.S.C. § 2244(d)(1)(B).  Section 2254(b)(1)(B) applies only to impediments created

24  by state action that violate the Constitution or laws of the United States.  Shannon v. Newland,

25  410 F.3d 1083, 1088 n.4 (9th Cir. 2005).   The petitioner must also demonstrate that the

26  unconstitutional state action actually created the impediment to filing the federal habeas petition

27  in a timely manner.  28 U.S.C. § 2244(d)(1)(B); Bryant v. Arizona Atty. Gen., 499 F.3d 1056,

28  1060 (9th Cir. 2007).  In addition, the Ninth Circuit has implied that the petitioner must also

1  demonstrate due diligence.  Roy v. Lampert, 465 F.3d 964, 972 (9th Cir. 2006); see also Clark v.

2  Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

3       In Ramirez v. Yates, 571 F.3d 993 (9th Cir. 2009), the Ninth Circuit found no merit to the

4  petitioner's claim that he was entitled to commencement of a new limitations period under §

5  2244(d)(1)(B) due to his placement in administrative segregation and limited access to his legal

6  files and prison law library constituted an unlawful impediment to his constitutional right to

7  access of the courts.  The court initially stated that, although similar in style, his "§ 2244(d)(1)(B)

8  claim must satisfy a far higher bar than for equitable tolling."  In addition, the court pointed out

9  that there is no constitutional right to file a timely § 2254 petition in federal court, and petitioner

10  is no entitled to commencement of a new limitations period under § 2244(d)(1)(B) "only if his

11  placement in administrative segregation altogether prevented him from presenting his claim in

12  any form, to any court."  The court held that because Ramirez was able to file several state

13  habeas petitions, a discovery motion in the state trial court, and a motion to toll the limitations in

14  the federal court, he failed to demonstrate tolling.  Therefore, Ramirez's administrative

15  segregation

16  did not deny him of his constitutional right to access the courts.  Id. at 997-1001.

17       In this case, Petitioner has not demonstrated that he was prevented from presenting his

18  claims in any form, to any court.  In fact, Petitioner filed the instant federal petition prior to the

19  alleged impediment being removed.  See e.g. Felder v. Johnson, 204 F.3d 168, 171, n.9 (5th Cir.

20  2000) (held the filing of a petition for habeas relief before the alleged impediment was removed

21  lends credence to finding that state action did not prevent the inmate from filing a timely

22  petition).  In addition, Petitioner also prepared and filed two habeas petitions within the one-year

23  limitations period.  See e.g. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005), withdrawn,

24  417 F.3d 1050, amended, 447 F.3d 1165 (9th Cir. 2006) (rejecting claim that alleged insufficient

25  accessibility to law library constituted state-created impediment given prisoner was able to file

26  state habeas petitions before and after the limitations period expired); see also Neuendorf v.

27  Graves, 110 F.Supp.2d 1144, 1153 (N.D. Iowa 2000) (presentation of constitutional claims to

28  state court prior to expiration of AEDPA deadline demonstrated that alleged state-created

1  impediment was not cause of untimeliness).  Based on the foregoing, there is no showing that the

2  alleged state-created impediment was the cause of Petitioner's untimeliness and his claim is

3  rejected.

4  In a related claim, Petitioner argues that the California State Prison, Solano, has

5  implemented a new policy that all inmates are only allowed two consecutive hours in the law

6  library when it is full.  (Opposition, at 7.)  Petitioner's claim is without merit and was previously

7  rejected by this Court.  As previously stated, Petitioner "has failed to demonstrate that he suffers

8  actual injury as a result of the library policies of which he complains."  (Court Doc. 21,

9  September 9, 2009, order.)  In addition, Petitioner has not been completely deprived of access to

10  the library as he is provided two hours per week.  (Id.)  Moreover, and fatal to Petitioner's claim,

11  he has failed to demonstrate how the library policy hindered his ability to file a timely petition.

12  Furthermore, Petitioner concedes the policy was implemented after he filed the instant action and

13  therefore it could not have hindered his ability to file a timely petition.  Thus, the policy is

14  irrelevant to his claims because the statute of limitations had already expired at the time he filed

15  the instant petition.

16  E.    Equitable Tolling

17  The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

18  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

19  stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department

20  of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541

21  (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert

22  denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to

23  tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac.

24  Enters., 5 F.3d 391, 395 (9th Cir.1993).

25  Petitioner makes vague reference to a claim for equitable tolling based on his reliance on

26  a jailhouse lawyer and alleged mental disability.  (Opposition, at 1, 9.)  Petitioner's reliance on a

27  fellow inmate and the prison's failure to provide Petitioner with legal assistance are not

28  sufficient, because prisoners in California are not entitled to legal assistance in collateral

proceedings as a matter of right.  *Cf.* <u>Smith v. Idaho</u>, 392 F.3d 350, 357 (9th Cir. 2004), <u>as</u>

<u>amend</u>; <u>see also</u> <u>Henderson v. Johnson</u>, 1 F.Supp.2d 650, 655 (N.D. Tex. 1998) (despite having

been decided by his jailhouse lawyer that a writ had been filed, court held petitioner was always

in "charge of his habeas petition" and that his reliance on another inmate was voluntary); <u>United</u>

<u>States v. Cicero</u>, 214 F.3d 199, 204 (D.C. Cir. 2000) (no equitable tolling where petitioner gave

his legal papers to a jailhouse lawyer whose placement in segregation separated petitioner and his

papers for some time before the expiration of the one-year grace period until after the filing

deadline had passed); <u>Paige v. United States</u>, 171 F.3d 559, 560-61 (8th Cir. 1999) (equitable

tolling did not apply to interprison mail delay of motion to petitioner by his brother, who was

housed in a different prison and wrote petitioner's motion for him); <u>Mendez v. Artuz</u>, 2000 WL

991336, *2 (S.D.N.Y. July 9, 2000) (fellow inmate's inaccurate legal advice did not excuse

petitioner from complying with § 2244(d)(1) deadline; *accord* <u>Reid v. Lambert</u>, 2004 WL

1305249 (D. Ore. March 29, 2004); *cf.* <u>Tacho v. Martinez</u>, 862 F.2d 1376, 1381 (9th Cir. 1988)

(reliance on allegedly incompetent jailhouse lawyer not cause for default); <u>Hughes v. Idaho Bd.</u>

<u>of Corrections</u>, 800 F.2d 905, 909 (9th Cir. 1986) (release of inmate's legal assistant not cause for

default).  Petitioner's reliance on an inmate assistant was strictly voluntary and he could have

filed his petition at any time.  Thus, Petitioner is not entitled to equitable tolling based on his

alleged ignorance of the law or assistance by a jailhouse lawyer.

In addition, Petitioner has not made a sufficient showing of equitable tolling based on an

alleged mental disability.  Petitioner argument is based solely on a one-sentence conclusory

allegation and does not provide any specifics or explanation as to how his alleged mental

condition prevented him from timely challenging his conviction.  <u>See</u> <u>Miller v. Marr</u>, 141 F.3d

976, 978 (10th Cir. 1998).  The Supreme Court has noted that equitable tolling should be allowed

only where the inmate can establish that it was impossible for him to pursue his federal habeas

rights during the statute of limitations period due to some profound mental incapacity.  <u>Lawrence</u>

<u>v. Florida</u>, 549 U.S. 327, 337 (2007); <u>United States v. Sosa</u>, 364 F.3d 507, 513 (4th Cir. 2004)

("As a general matter, the federal courts will apply equitable tolling because of a petitioner's

mental condition only in cases of profound mental incapacity."); <u>Grant v. McDonnell Douglas</u>

9

1  Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (acknowledging that courts have allowed equitable

2  tolling based on an inmate's mental condition, but limited to exceptional circumstances, such as

3  institutionalization or adjudged mental incompetence).  Therefore, Petitioner has not established

4  entitlement to equitable tolling due his mental state, particularly when he filed state habeas

5  petitions before and after the limitations period expired.  Gaston, 417 F.3d at 1034.

6  F.    End of Limitations Period

7       Since the limitations period commenced on October 11, 2006, and Petitioner is entitled to

8  254 days of tolling for the first and second petitions, the statute of limitations expired on June 20,

9  2008.  Because Petitioner did not file the instant federal petition until February 28, 2009, it is

10 time-barred under § 2244(d).

11 G.    Subsequent Post-Conviction Actions

12       Petitioner filed his third state habeas petition on August 3, 2008, after the statute of

13 limitations expired.  (Lodged Doc. No. 9.)  Because the limitations period had already expired,

14 the collateral challenge had no tolling consequence. In other words, once the limitations period

15 expired, the third state petition did not revive it.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th

16 Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Consequently, the third state

17 petition does not extend the limitations period.

18 H.    Evidentiary Hearing

19       Petitioner requests an evidentiary to address (1) whether he diligently pursued his rights;

20 (2) his claims of ineffective assistance of counsel; and (3) why he was not allowed access to the

21 law library and determination of responsible individual.  Because Respondent's motion to

22 dismiss can be resolved by reviewing the parties filings, an evidentiary hearing is not necessary.

23       Section 2254(e)(2) states:

24       If the applicant has failed to develop the factual basis of a claim in State court
         proceedings, the court shall not hold an evidentiary hearing on the claim unless
25       the applicant shows that-

26       A) the claim relies on

27       I) a new rule of constitutional law, made retroactive to cases on collateral review
         by the Supreme Court, that was previously unavailable; or

28

ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. See Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).

In this instance, the state court did not find merit to Petitioner's claims sufficient to warrant an evidentiary hearing, and such deficiencies apply in this Court as well. In addition, for the reasons explained above, Petitioner has failed to satisfy either of the requirements for an evidentiary hearing. As discussed herein, the instant motion to dismiss can be resolved on the existing record and an evidentiary hearing is not warranted. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (evidentiary hearing unwarranted where "the record refutes the applicant's factual allegation's or otherwise precludes habeas relief"). Petitioner will not be provided the opportunity to conduct a fishing expedition to further explore his claims. Accordingly, because Petitioner has failed to demonstrate extraordinary circumstances and due diligence to warrant entitlement to equitable tolling, he is not entitled to an evidentiary hearing. See Roy v. Lampert, 465 F.3d 964, 969-970 (9th Cir. 2006); Laws v. Lamarque, 351 F.3d 919, 919 (9th Cir. 2003). Nor has Petitioner demonstrated how an evidentiary hearing will further his claims. Therefore, Petitioner's request for an evidentiary hearing is denied.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Respondent's motion to dismiss the instant petition as time-barred under §

2244(d) is GRANTED;

2.      The instant petition for writ of habeas corpus is DISMISSED with prejudice; and,

3.      The Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c);

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA,

petitioner must show: (1) that jurists of reason would find it debatable whether the

petition stated a valid claim of a denial of a constitutional right; and (2) that jurists

of reason would find it debatable whether the district court was correct in its

procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the present

case, the Court does not find that jurists of reason would not find it debatable

whether the petition was properly dismissed, with prejudice, as time-barred under

28 U.S.C. § 2244(d)(1).  Petitioner has not made the required substantial showing

of the denial of a constitutional right.

IT IS SO ORDERED.

**Dated:     January 4, 2010**                      _____/s/ Sandra M. Snyder_____
                                                                    UNITED STATES MAGISTRATE JUDGE